# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IFTIKHAR SAIYED,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COUNCIL ON AMERICAN-ISLAMIC<br>RELATIONS ACTION NETWORK, INC.,<br><br>　　　　Defendant. | Civil Action No. 10-22<br>PLF/DAR |
| RENE ARTURO LOPEZ, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br>COUNCIL ON AMERICAN-ISLAMIC<br>RELATIONS ACTION NETWORK, INC.,<br><br>　　　　Defendant. | Civil Action No. 10-23<br>PLF/DAR |

## MEMORANDUM OPINION AND ORDER

These consolidated actions were referred to the undersigned United States Magistrate Judge for management of discovery. *See* Order (ECF No. 113; ECF No. 116). Currently pending for determination are Defendant's Motion to Strike the Expert Reports of Mr. Joseph E. Schmitz and Dr. Ron Kimball ("Defendant's Motion") (ECF No. 118; ECF No. 122) and Plaintiffs' Opposition to Defendant's Motion ("Plaintiffs' Opposition") (ECF No. 121). Upon consideration of the motion, the memoranda in support thereof and in opposition thereto, the reply (ECF No. 123; ECF No. 125), and the entire record herein, Defendant's motion will be denied.

## BACKGROUND

These actions concern claims made by Plaintiffs against Defendant, Council for American-Islamic Relations Network, Inc., alleging fraud, breach of fiduciary duty, intentional infliction of emotional distress, and violations of the District of Columbia Consumer Protection Procedures Act ("DCCPPA") and the Virginia Consumer Protection Act ("VCPA"), arising from Plaintiffs' attempts to seek legal representation from Defendant. Complaint (ECF No. 1); Amended Complaint (ECF No. 3; ECF No. 5). Since the filing of Plaintiffs' original complaints on January 6, 2010, these actions have proceeded through various stages of discovery, mediation, dispositive motions practice, and appellate practice. On January 29, 2015, the assigned United States District Judge granted Defendant's motion for summary judgment and entered judgment in favor of Defendant. *See* Opinion (ECF No. 93; ECF No. 97). On February 12, 2017, Plaintiffs appealed the decision of the District Court to the District of Columbia Circuit. *See* Notice of Appeal (ECF No. 94; ECF No. 99). Upon review, the Circuit reversed the District Court's grant of summary judgment in favor of Defendant, finding that genuine issues of material fact remained in the case, and remanded the matter for further proceedings. Mandate (ECF No. 100; ECF No. 106). A further explication of the underlying facts, the procedural history, and the grounds for reversal can be found in the Circuit's opinion (Wilkins, J.). *See Lopez v. Council on American–Islamic Relations Action Network, Inc.*, 826 F.3d 492 (D.C. Cir. 2016). The pertinent procedural history will be briefly discussed herein.

## PROCEDURAL HISTORY

Following the decision of the Circuit, the assigned District Judge ordered the parties to jointly file a status report and appear before the court for a status conference on October 5, 2016.

08/10/2016 Minute Order. During the status conference, the parties articulated which claims they believed remained at issue for trial, and offered their positions regarding further fact and expert discovery. *See* 10/5/2016 Transcript. The District Judge ordered that the parties proceed to trial on three remaining causes of action: (1) common law fraud under Virginia law; (2) common law breach of fiduciary duty under Virginia law; and (3) any alleged violation of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196 *et seq*. The District Judge also ordered that the period for fact discovery was closed and that with respect to expert discovery, Plaintiffs were limited to the two expert witnesses identified during the status conference. Memorandum Opinion and Order (ECF No. 108). Subsequently, the District Judge entered a scheduling order which required that expert reports be filed no later than February 27, 2017, and that the parties file any motion to strike the opposing party's expert(s) or portions of any expert's report no later than March 27, 2017. *See* Order (ECF No. 110; ECF No. 112).[1] On February 24, 2017, these actions were referred to the undersigned United States Magistrate Judge for further management of discovery. Order (ECF No. 113; ECF No. 116).[2] On April 24, 2017, Defendant filed its motion, and corresponding memorandum, to strike the expert reports of Mr. Joseph E. Schmitz and Dr. Ron Kimball. *See generally* Defendant's Motion.[3] After the grant of an extension of time to file,

---

[1] The parties jointly moved to extend the deadlines for expert discovery on May 1, 2017. *See* Joint Motion for Extension of Time to Complete Service of Expert Discovery Documents (ECF No. 111). The court granted the parties' request and adopted the proposed schedule. *See* Order (ECF No. 112; ECF No. 115).

[2] After these matters were referred to the undersigned, the parties moved for an additional extension of time to file their respective motion and opposition, which the undersigned granted. *See* Joint Motion for Extension of Time to File Motion to Strike Expert Report and Disclose Rebuttal Experts (ECF No. 115); 04/03/2017 Minute Order; Joint Motion for Extension of Time to File Response/Reply (ECF No. 119, ECF No. 123); Order (ECF No. 120; ECF No. 124).

[3] The undersigned observes, as Defendant indicates in its motion, that the assigned District Judge did refer to a "motion to strike" as a permissible means by which Defendant might challenge the propriety of portions of the expert reports offered by Plaintiffs. *See* Transcript (ECF No. 114; ECF No. 116) at 28:10-16.

Plaintiffs filed their opposition to Defendant's motion and Defendant subsequently filed its reply. *See generally* Plaintiffs' Opposition; Defendant's Reply to Opposition.

**CONTENTIONS OF THE PARTIES**

Defendant seeks to strike "in its entirety" each of the two expert reports authored by Joseph E. Schmitz, Esq., and portions of the five expert reports submitted by Dr. Ron Kimball, PhD, CGP, pursuant to Federal Rules of Civil Procedure 12 and 37(c)(1). Defendant's Motion at 1.[4] With respect to the Founding Report, authored by Mr. Schmitz, Defendant asserts that the entire report should be stricken because the content of the report "addresses matters irrelevant to the case proceeding to trial before the Court [and] even if relevant under the Federal Rules of Evidence, the subject matter of the Founding Report is far more prejudicial than probative on any matter before the court and epitomizes unfair prejudice and misleading the jury." *Id*. at 2. (internal quotations omitted). Defendant also asserts that the Founding Report, "even if offered solely as corporate character evidence, [] would not meet the appropriate standard for character evidence." *Id*. (internal quotations omitted). Next, Defendant moves to strike Mr. Schmitz's second expert report, the Ethics Report, in its entirety because it "in parts, contains impermissible legal conclusions; [] provides expert testimony unlinked to any appropriate standards . . . [,] inappropriate opinions on state of mind issues . . . impermissible expert opinion on the character or credibility of witnesses; and . . . expert opinion on irrelevant matters, the total sum of which leaves no part of the Ethics Report appropriate for testimony before a jury." *Id*. (internal quotations omitted). Last, Defendant challenges the propriety of the Psych Reports authored by Dr. Kimball,

---

[4] Defendant divides its argument as to each report, identifying the two reports authored by Mr. Schmitz as the "Founding Report" and the "Ethics Report[,]" and the reports authored by Dr. Kimball as the "Psych Reports[.]" Defendant's Motion at 1-2.

arguing that Plaintiffs failed to provide the underlying data upon which Dr. Kimball relied, as required by Rule 26(a)(2)(B)(ii) of the Federal Rules of Civil Procedure, and that the reports contain improper legal conclusions. Defendant's Memorandum at 33-34.

In opposition, Plaintiffs assert that Defendant's motion is "overbroad, overreaching, and a studied denial of the extensive undisputed factual record." Plaintiffs' Opposition at 1. More specifically, as it pertains to the Founding Report, Plaintiffs argue that the expert opinion rendered by Mr. Schmitz is relevant to CAIR's proclaimed "status as a civil rights organization dedicated to fighting for the civil rights of Muslim Americans is central to this case." Plaintiffs' Opposition at 11 (citing Defendant's Memorandum at 9) ("CAIR National's existence as an American-Muslim rights and advocacy group, and its chapter CAIR-VA's role in fulfilling that purpose, are at the core of this case. Indeed, every one of the Plaintiffs testified in their depositions that they were drawn to Mr. Days and CAIR-VA at least in part because of its serving as a Muslim rights and advocacy group.")). In response to Defendant's assertion that the Ethics Report should be stricken in its entirety because it contains impermissible legal conclusions, Plaintiffs suggest that the more appropriate resolution of a dispute over the admissibility of any portion of the Ethics Report would be to request that the court issue an order requiring Plaintiffs to cure any deficiencies in the report, rather than strike the entire report. Defendant's Memorandum at 13.[5] In response to Defendant's contentions regarding the striking of the Psych Reports, Plaintiffs contend that the inadvertent loss of portions of the data used to prepare Dr. Kimball's 2011 Initial Reports does not render the reports infirm in their entirety either. *Id*. at 24-25. Rather, Plaintiffs assert that the more appropriate courses of action, if disputes remain regarding the evidentiary support for Dr.

---

[5] Plaintiffs did presumably concede the impropriety of portions of the report and "withdr[e]w entirely Mr. Schmitz's expert opinions regarding legal and ethical duties numbered 2 through 6 and 9 through 10 [and] the 'Preparatory Remarks' contained at the beginning of Mr. Schmitz's report[,]" preliminarily, but opinions 1, 7, and 8 remain. *Id*. at 14.

Kimball's opinions, would be for Defendant to file a motion *in limine* challenging the admissibility of any testimony offered by Dr. Kimball regarding the 2011 Initial Reports, raise concerns regarding the reports during Dr. Kimball's deposition, secure a rebuttal expert of its own to refute the opinions contained in the Psych Reports, or file a *Daubert* motion. *Id*.

In reply, Defendant re-asserts the contentions asserted in its motion, highlights Plaintiffs' concession regarding portions of the Ethics Report, *see supra* note 5, and asserts that any challenge to other contentions made in its motion are now waived due to Plaintiffs' failure to address them in their response, pursuant to Local Civil Rule 7(b). Defendant's Reply at 1-3.

**APPLICABLE STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The court may act *sua sponte* or "by motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id*. Such decisions are within the sound discretion of the trial court and are generally disfavored. *See Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am.*, 474 F. Supp. 2d 75, 79 (D.D.C. 2007); *see also Barnes v. D.C.*, 289 F.R.D. 1, 26 (D.D.C. 2012) (finding that motions to strike expert reports are "highly disfavored").

Expert reports are governed by Federal Rule of Civil Procedure 26, which requires that a written report accompany an initial disclosure of the identity of any expert witness that a party intends to present at trial. Fed. R. Civ. P. 26(a)(2)(A)-(B). The written expert report, prepared and signed by the witness, must contain: (1) a complete statement of all opinions the witness will

express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(A)-(B)(i)-(vi).

If a party fails to comply with the disclosure requirements provided by Rule 26(a), that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless, and the opposing party may request additional or alternative sanctions. Fed. R. Civ. P. 37(c)(1).

**DISCUSSION**

Defendant moves to strike Plaintiffs' expert reports, pursuant to Federal Rule of Civil Procedure 12(f). This court, however, has previously held, on numerous occasions, that such a request, as it pertains to expert reports, is misplaced. *See Paige Int'l, Inc. v. XL Specialty Ins. Co.*, No. CV 14-1244 (JEB), 2016 WL 3024008, at *2 (D.D.C. May 25, 2016) (citing *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am.*, 474 F. Supp. 2d 75, 80 (D.D.C. 2007)) ("[A] Rule 26(a)(2) expert disclosure is neither testimony nor a pleading, and therefore could not properly be stricken under Rule 12(f).") (internal quotations omitted); *contra Barnes*, 289 F.R.D. at 6 (citing *U.S. ex rel. Pogue*, 474 F. Supp. 2d at 79). Like the court in *Paige Int'l*, the undersigned knows of no authority which would permit the characterization of an expert report prepared pursuant to Rule 26(a)(2) as a "pleading." *Id*. at No. CV 14-1244 (JEB), 2016 WL 3024008, at *2; *see also* Fed. R. Civ. P 7(a) (defining "pleadings"). Moreover, the undersigned knows of no instance in which an

expert report would be entered into the record or filed on the docket, but for its attachment to a motion such as the one filed by Defendant, to occasion it to be stricken. For these reasons, and those expressed by this court in *U.S. ex rel. Pogue*, the undersigned finds that Plaintiffs' expert reports are "in no position to be stricken at all" and as for any "objections to the admissibility of certain sections of the report, [Defendant's] remedy is to raise those objections to specific questions or testimony if and when [the experts] testifies, not in a motion to strike the entire expert report." *Id*., 474 F. Supp. 2d at 80.

Specifically, the undersigned finds that Defendant's challenge to the admissibility of "inappropriate, irrelevant and scandalous" character evidence contained in the Founding Report is premature, as Defendant has not yet deposed Mr. Schmitz, nor have Plaintiffs confirmed at this point in the discovery proceedings which portions of Mr. Schmitz's opinion, if any, they seek to offer at trial. Any broad evidentiary challenge seeking to prohibit or limit the *testimony* of Plaintiffs' expert as to either character evidence or the *modus operandi* of Defendant's organization, should be raised through a motion *in limine*.

Defendant's concerns regarding the presence of legal conclusions in the Ethics Report, is not without merit, as Plaintiffs have already conceded the impropriety of portions of Mr. Schmitz's Ethics Report. However, a request to strike the report in its entirety because of these potentially inadmissible opinions, is overbroad, as Plaintiffs contend. In *Iacangelo v. Georgetown Univ*., 560 F. Supp. 2d 53, 59 (D.D.C. 2008), this court found that a number of the legal expert reports offered by the plaintiff contained "impermissible legal conclusions and the prejudice in allowing such experts to testify clearly outweigh[ed] any probative value of their testimony." However, the court advised that "exclusion of all such testimony from the expert reports would require such reports to be revised and perhaps rewritten because such legal conclusions and state of mind opinions are

commingled with permissible expert medical testimony. . . ." The court suggested "[a]lternatively, in the interest of judicial efficiency and economy. . . that imposing actual limitations on the scope of expert testimony be addressed in the form of a motion *in limine* immediately prior to trial . . . and after Plaintiffs have determined whether they will use [the experts]." The undersigned agrees.

Finally, as to the Psych Reports offered by Dr. Kimball, Defendant concedes that during the meet and confer process, the parties offered and accepted "supplemental Fed. R. Civ. P. 26(a)(2)(B) disclosures regarding Dr. Kimball's compensation . . . in lieu of motions practice . . . [and] also agreed to continue to work with Plaintiffs' counsel to determine whether certain medical reports exist and were relied on by Dr. Kimball, and thus brings no motion on that issue at the present time." Defendant's Memorandum at 4, n. 4. Based on the parties' prior cooperation, the undersigned sees no basis upon which to strike portions of Dr. Kimball's reports at this time, as both parties have agreed to provide and accept supplementation to cure the deficiencies raised thus far. In the alternative, the court provides the parties the opportunity to request, by motion, or to provide, without the court's intervention, any additional documentation to supplement the opinions contained in Plaintiffs' expert reports and cure any deficiencies in the reports identified by Defendant. *See* Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information had not otherwise been made known to the parties during the discovery process or in writing; or as ordered by the court.").

Even if the undersigned were to consider Defendant's motion to strike under Federal Rule of Civil Procedure 12(f), this court has repeatedly held that motions to strike are "strongly disfavored and require the Court to consider alternatives." *Barnes*, 289 F.R.D. at 26. Thus, the

following alternatives are proposed by the court. Given the procedural posture of the discovery proceedings, the court finds that the opportunity remains for Defendant to depose either or both of Plaintiffs' experts, prepare to offer the testimony of a rebuttal expert in opposition to any opinions offered by Plaintiffs' experts and file a motion *in limine* challenging the admissibility of any remaining portions of the expert reports that have not been withdrawn, supplemented, or corrected. Should any concerns regarding admissibility or the conformity of Plaintiffs' expert reports or the testimony of Plaintiffs' experts to the applicable rules arise, the parties are free to file the appropriate motions for review by the court prior to trial.

**CONCLUSION**

For the reasons set forth herein, the undersigned concludes that Defendant's Motion to Strike (ECF No. 118; ECF No. 122) is premature and the issues raised are more aptly addressed by the filing of a motion *in limine* after expert discovery has been completed, if deficiencies with Plaintiffs' expert reports remain. Therefore, it is, this 14th day of August, 2017,

**ORDERED** that Defendant's motion is **DENIED**.

                                                                  /s/_____
                                                  DEBORAH A. ROBINSON
                                                United States Magistrate Judge